COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-02-430-CR

   
GARY 
LYNN TUCKER                                                             APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Gary 
Lynn Tucker appeals from his conviction for possession with intent to deliver 
cocaine. In a single point, appellant contends that the evidence is factually 
insufficient to support his conviction because there is no credible evidence 
that he was ever in control of the cocaine. We will affirm.
        Officer 
Bobby Cox testified that, while executing a search warrant at a residence where 
appellant was present, he saw appellant drop two plastic baggies from his right 
hand. Cox and appellant were ten to twelve feet apart, and nothing blocked 
Cox’s view. Appellant then complied with Cox’s commands to get on the 
ground, and Cox placed appellant in custody. During this time, Cox was less than 
five feet from the baggies, and he kept them constantly in view. Once the 
residence had been secured, Cox asked Officer K.L. Keisler to pick up the 
baggies, which testing eventually revealed contained 13.91 grams of cocaine.
        Appellant 
contends that Cox’s testimony was not credible because: (1) it would be more 
reasonable to believe that appellant dropped the contraband when he first 
observed the police arriving rather than after he had walked towards Cox; (2) 
Cox’s diagram of the incident showed that he could not have readily observed 
appellant’s right hand; and (3) Cox could not have seen a transparent baggie 
from twelve feet away.[2]  The jury, however, not 
this court, was responsible for resolving any conflicts in the evidence and 
drawing reasonable inferences therefrom.[3]
        Having 
considered all the evidence in a neutral light and given due deference to the 
jury’s determinations, we hold that it is factually sufficient[4] to establish that appellant was in control of the cocaine. 
We overrule appellant’s point and affirm the trial court’s judgment.
  
                                                                  PER 
CURIAM
  
PANEL F:   CAYCE, 
C.J.; GARDNER and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 11, 2004
 


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003) (stating 
that proper factual sufficiency review must include discussion of most important 
evidence that supports appellant’s complaint on appeal).
3. 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).
4. 
See Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. 
State, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996) (both setting out 
factual sufficiency standard of review). Appellant mentions, but does not brief, 
legal insufficiency; therefore, any legal insufficiency challenge is waived. See 
Tex. R. App. P. 38.1(h); Pierce 
v. State, 777 S.W.2d 399, 418 (Tex. Crim. App. 1989), cert. denied, 
496 U.S. 912 (1990).